UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
CASE NO.:

NESTOR J. VIDAURRE
and other similarly-situated individuals,

    Plaintiff(s),

v.

ASSOCIATED CORPORATION
and ANDREW ARNOLD,
individually

    Defendants,
_____/

## COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff, NESTOR J. VIDAURRE, and other similarly-situated individuals, by and through the undersigned counsel, and hereby sues Defendants ASSOCIATED CORPORATION, and ANDREW ARNOLD, individually and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff NESTOR J. VIDAURRE is a resident of Palm Beach County; within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant ASSOCIATED CORPORATION (hereinafter ASSOCIATED CORPORATION, or Defendant) is a Florida corporation, having a place of business in

Palm Beach County, Florida, where Plaintiff worked for Defendant, and at all times material hereto, Defendant was engaged in interstate commerce.

4. The individual Defendant ANDREW ARNOLD was and is now, the owner/president, and manager of Defendant Corporation ASSOCIATED CORPORATION. This individual Defendant was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)].

5. All the action raised in this complaint took place in Palm Beach County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff NESTOR J. VIDAURRE to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonably attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant ASSOCIATED CORPORATION is a provider and installer of custom windows and doors systems. Defendant is also a manufacturer of shower enclosures, glass railing systems, and custom mirrors. Defendant performed business typically in the areas of Palm Beach Gardens, Deerfield Beach, Delray Beach, Boynton Beach and Wellington, Florida.

8. Defendants ASSOCIATED CORPORATION, and ANDREW ARNOLD, employed Plaintiff NESTOR J. VIDAURRE as a non-exempt full-time construction employee from approximately July 6, 2015 to November 25, 2016, or 72 weeks.

9. Plaintiff was an hourly employee and his wage rate during his first 12 weeks of employment was $16.00 an hour. After the initial probationary period, Plaintiff was

promoted to crew leader, and he received a wage rate increase to $20.00 an hour. Plaintiff's duties included driving a company truck to transport workers, equipment and materials, and his duties as a "master installer".

10. Plaintiff worked under the supervision of the owner of the business ANDREW ARNOLD.

11. During his relevant employment period with Defendants, Plaintiff maintained a regular schedule, which varied slightly.

12. From his first day of employment July 6, 2015, to approximately September 24, 2016 (63 weeks), Plaintiff worked from Monday to Friday from 7:30 AM to 5:00 PM (9.5 hours); or 5:30 PM (10 hours); and at least once a week until 4:00 PM (8.5 hours). Thus, Plaintiff worked an average of 45 hours weekly. (Plaintiff has deducted 0.5 hours of lunch time that he took every day, or 2.5 hours per week).

13. Additionally, in that period Plaintiff worked at least two Saturdays every month, from 7:30 PM to 3:30 PM, or 7.5 hours. (Plaintiff has deducted 30 minutes of lunch time).

14. Within the period from September 26, 2016, to his last day of employment, November 25, 2016, (9 weeks), Plaintiff worked only 6 weeks 45 hours per week. Plaintiff did not work overtime hours for the remaining 3 weeks.

15. However, in this period, Plaintiff work all Saturdays, which means 9 Saturdays, from 7:30 PM to 3:30 PM, or 7.5 hours. (Plaintiff has deducted 30 minutes of lunch time).

16. For his work on Saturdays, Plaintiff received a separate payment at his regular rate. There were many Saturdays in which Plaintiff did not receive any compensation. Assuming Defendants paid Plaintiff for every Saturday at his regular rate, Plaintiff is owed half-time overtime for every Saturday that he worked for Defendants.

17. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid for his overtime hours as established by law. Consequently, Plaintiff is owed 5 hours of overtime at the rate of time and a half his regular rate.

18. For his work on Saturdays, which constituted additional overtime hours, he received payment at his regular rate. Consequently, he is owed half-time overtime for every Saturday that he worked for Defendants.

19. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half his regular rate, in violation of the Fair Labor Standards Act.

20. Defendants paid Plaintiff strictly on cash basis, without any paystub providing information of wage rate applied, hours worked, employment taxes withheld etc.

21. Plaintiff complained many times with the owner of the business ANDREW ARNOLD about his unpaid overtime wages, his cash payments, and requested Defendant ANDREW ARNOLD to be included in the company's payroll. Plaintiff explained to ANDREW ARNOLD the multiple inconveniences caused to him by the cash payments. Defendants always promised to fix everything soon, but they never did.

22. On or about November 25, 2016, Plaintiff was forced to terminate his employment with Defendants because he was working without proper compensation, and he could not continue receiving cash payments, without any proof that he was employed.

23. Defendants did not have any time-keeping method, but they maintained a regular schedule. Plaintiff and other individuals similarly situated reported every day to Defendants' place of business to pick up equipment and materials. Defendants installed a time-keeping device approximately the last 6 weeks of employment of Plaintiff.

24. Plaintiff NESTOR J. VIDAURRE seeks to recover unpaid overtime hours at the rate of time and a half his regular rate, for every hour in excess of 40 that he worked, and any other relief as allowable by law.

25. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

<u>**COUNT I:**</u>
<u>**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**</u>
<u>**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**</u>

26. Plaintiff NESTOR J. VIDAURRE re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

27. This cause of action is brought by Plaintiff NESTOR J. VIDAURRE as a collective action to recover from Defendants overtime compensation, liquidated damages, costs and reasonably attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after July 2015, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

28. Defendant ASSOCIATED CORPORATION was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a provider and installer of custom windows and doors systems. Defendant is also a

manufacturer of shower enclosures, glass railing systems, and custom mirrors. Defendant uses the instrumentalities of interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

29. Plaintiff and those similarly-situated were employed by an enterprise engage in interstate commerce. Plaintiff and those similarly-situated through their daily activities were regularly engaged in interstate commerce. Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

30. Defendants ASSOCIATED CORPORATION, and ANDREW ARNOLD, employed Plaintiff NESTOR J. VIDAURRE as a non-exempt full-time construction employee from approximately July 6, 2015 to November 25, 2016, or 72 weeks.

31. Plaintiff was an hourly employee and his wage rate during his first 12 weeks of employment was $16.00 an hour. After the initial probationary period, Plaintiff was promoted to crew leader, and he received a wage rate increase to $20.00 an hour.

32. During his relevant employment period with Defendants, Plaintiff maintained a regular schedule, which varied slightly. Plaintiff worked for the time and periods specified below:

33. 1.- From his first day of employment July 6, 2015, to approximately September 24, 2016 (63 weeks), Plaintiff worked from Monday to Friday an average of 45 hours weekly. Plaintiff was not paid for this 5 overtime hours.

34. Additionally, in that period Plaintiff worked at least two Saturdays every month, from 7:30 PM to 3:30 PM, or 7.5 hours. (Plaintiff has deducted 30 minutes of lunch time). Plaintiff was paid at his regular rate for overtime hours worked on Saturdays with a separate payment.

35. 2.- Within the period from September 26, 2016, to his last day of employment, November 25, 2016, (9 weeks), Plaintiff worked only 6 weeks 45 hours per week. Plaintiff did not work overtime hours for the remaining 3 weeks.

36. However, in this period, Plaintiff work all Saturdays, which means 9 Saturdays, from 7:30 PM to 3:30 PM, or 7.5 hours. (Plaintiff has deducted 30 minutes of lunch time).

37. For his overtime work on Saturdays, Plaintiff received a separate payment at his regular rate.

38. There were many Saturdays in which Plaintiff did not receive any compensation. Assuming Defendants paid Plaintiff for every Saturday at his regular rate, Plaintiff is owed half-time overtime for every Saturday that he worked for Defendants.

39. Plaintiff worked in excess of 40 hours every week period. However, Plaintiff was not paid for his overtime hours as established by law. Consequently, Plaintiff is owed 5 hours of overtime at the rate of time and a half his regular rate for his overtime hours every week from Monday to Friday; and for his work on Saturdays, which constituted additional overtime hours, Plaintiff is owed half-time overtime.

40. Plaintiff worked in excess of 40 hours every week period. However, Defendants willfully failed to pay Plaintiff overtime hours.

41. Therefore, Plaintiff was not paid for overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

42. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation paid to such employees should be in the possession and custody of Defendant. However, upon information and belief, Defendant did not maintain time accurate records of hours worked by Plaintiff and other employees.

43. Defendant violated the record keeping requirements of FLSA, 29 CFR Part 516.

44. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their Federal rights to overtime and minimum wage payments. Defendant violated the Posting requirements of 29 U.S.C. § 516.4.

45. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

\* Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modifications as discovery could dictate.

   a. <u>Total amount of alleged unpaid O/T wages</u>:

   Twelve Thousand Eight Hundred Twenty-Five Dollars and 00/100 ($12,825.00)

   b. <u>Calculation of such wages</u>:

   Relevant weeks of employment:  72 weeks

   **1.- Overtime calculations for 12 weeks, paid @ $16.00 an hour=$1,800.00**

   i. Overtime for 5 hours worked from Monday to Friday

Total relevant weeks: 12 weeks
Total number of hours worked: 45 hours
Total number of paid hours: 40 hours
Total Number of unpaid O/T hours: 5 hours
Regular rate: $16.00 an hour x 1.5=$24.00 O/T rate

O/T rate $24.00 x 5 O/T hours=$120.00 weekly x 12 weeks=$1,440.00

ii. Overtime for 7.5 hours worked on 6 Saturdays
Total relevant weeks: 6 weeks
Total number of O/T hours worked: 7.5 hours
Total number of paid hours: 7.5 hours paid at regular rate of $16.00
O/T rate $24.00 - $16.00 rate paid = $8.00 half-time O/T difference

Half-time difference $8.00 x 7.5 O/T hours=$60.00 x 6 Saturdays= $360.00

**2.- <u>Overtime calculations for the remaining period of 60 weeks paid at $20.00 an hour= $11,025.00</u>**

Total relevant weeks: 57 weeks (No O/T worked during last 3 weeks)
Total number of hours worked: 45 hours
Total number of paid hours: 40 hours
Total Number of unpaid O/T hours: 5 hours
Regular rate: $20.00 an hour x 1.5=$30.00 O/T rate

i. Overtime for 5 hours worked from Monday to Friday
Total relevant weeks: 57 weeks (No O/T worked during last 3 weeks)
Total number of hours worked: 45 hours
Total number of paid hours: 40 hours
Total Number of unpaid O/T hours: 5 hours
Regular rate: $20.00 an hour x 1.5=$30.00 O/T rate

O/T rate $30.00 x 5 O/T hours=$150.00 weekly x 57 weeks=$8,550.00

ii. Overtime for 7.5 hours worked on 24 Saturdays (within 60 weeks period Plaintiff worked two Saturdays per month)
Total relevant weeks: 24 weeks
Total number of O/T hours worked: 7.5 hours
Total number of paid hours: 7.5 hours paid at regular rate of $20.00
O/T rate $30.00 - $20.00 rate paid = $10.00 half-time O/T difference

Half-time difference $10.00 x 7.5 O/T hours=$75.00 x 24 Saturdays= $1,800.00

    iii.    Overtime for 7.5 hours worked on 9 Saturdays (within 60 weeks period Plaintiff worked 9 weeks every Saturday)
Total relevant weeks: 9 weeks
Total number of O/T hours worked: 7.5 hours
Total number of paid hours: 7.5 hours paid at regular rate of $20.00
O/T rate $30.00 - $20.00 rate paid = $10.00 half-time O/T difference

Half-time difference $10.00 x 7.5 O/T hours=$75.00 x 9 Saturdays= $675.00

Total Overtime 1 and 2: $12,825.00

<u>Nature of wages (e.g. overtime or straight time):</u>

This amount represents unpaid overtime wages.

46. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

47. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

48. At times mentioned, individual Defendant ANDREW ARNOLD was the owner/president and manager of ASSOCIATED CORPORATION. Defendant ANDREW ARNOLD was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)], in that this individual Defendant

acted directly in the interests of ASSOCIATED CORPORATION in relation to its employees, including Plaintiff and others similarly situated. Defendant ANDREW ARNOLD had absolute financial and operational control of the Corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly liable for Plaintiff's damages.

49. Defendants ASSOCIATED CORPORATION, and ANDREW ARNOLD, willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half his regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

50. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff NESTOR J. VIDAURRE and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff NESTOR J. VIDAURRE and other similarly-situated individuals and against the Defendants ASSOCIATED CORPORATION, and ANDREW ARNOLD on the basis of Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff NESTOR J. VIDAURRE, actual damages in the amount shown to be due for unpaid overtime compensation for hours, worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff NESTOR J. VIDAURRE demands trial by jury of all issues triable as of right by jury.

Dated: February 21, 2017

                                          Respectfully submitted

                                        By: **/s/ Zandro E. Palma**
                                        ZANDRO E. PALMA, P.A.
                                        Florida Bar No.: 0024031
                                        9100 S. Dadeland Blvd.
                                        Suite 1500
                                        Miami, FL 33156
                                        Telephone: (305) 446-1500
                                        Facsimile: (305) 446-1502
                                        zep@thepalmalawgroup.com
                                        *Attorney for Plaintiff*